## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| CELINA M. MARCINIAK, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | 16-cv-4178 |
| vs. | ) | Judge Thomas M. Durkin |
| | ) | |
| MEGAN J. BRENNAN, | ) | |
| | ) | |
| *Defendant.* | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Celina M. Marciniak filed this lawsuit alleging she was discriminated against based on a disability when she was forced to resign from her job with the U.S. Postal Service ("USPS"). Defendant Megan J. Brennan, Postmaster General, filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. R. 38. For the reasons that follow, the Court grants Defendant's motion.

### STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The district court considers the entire evidentiary record and must view all of the evidence and draw all reasonable inferences from that evidence in the light most favorable to the nonmovant. *Ball v. Kotter*, 723 F.3d 813, 821 (7th Cir. 2013). To defeat summary judgment, a nonmovant must produce more than "a

mere scintilla of evidence" and come forward with "specific facts showing that there is a genuine issue for trial." *Harris N.A. v. Hershey*, 711 F.3d 794, 798 (7th Cir. 2013). Ultimately, summary judgment is warranted only if a reasonable jury could not return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## BACKGROUND

The following facts are undisputed unless otherwise noted. Marciniak began working for the USPS in August 2014 as a City Carrier Assistant at the DeKalb, Illinois Post Office. She was hired as a temporary appointment that expired July 27, 2015. R. 40, 45 (¶ 1). On either August 26 or 27, 2014, Marciniak sprained her right ankle while delivering mail. R. 40 (¶ 16); R. 45 (¶ 8). After recovering from her injury, she was evaluated as fit for duty with no restrictions. But she still suffered pain and had to tape her ankle. R. 40 (¶ 16); R. 45 (¶ 9). She returned to work on September 9, 2014. A few days later, she was told to go home and not to return until her supervisor called. R. 40 (¶ 16); R. 45 (¶ 10).[1] She was called back to work on September 16, 2014. That morning, just as she was clocking in, the Postmaster asked her to come into his office, whereupon he informed her that, because she was

---

[1] As background only and not as a finding of undisputed fact, the Court notes that the administrative record provides a better understanding of why Marciniak might have been told to go home and not return until her supervisor called. The decision of the Equal Employment Opportunity Commission ("EEOC"), Office of Federal Operations ("OFO"), states that "[o]n September 12, 2014, [Marciniak] worked for a full day, but despite taping her ankle, she was in pain and could not put her full weight on it. [Marciniak] informed the Postmaster and requested an indoor window associate or distribution clerk position, but he said that he could not transfer her out of her mail carrier position. He then directed her not to come in the next day and said that he would follow up by phone." R. 40-5 at 2.

injured, he was giving her a choice to resign or be fired. Marciniak further alleges that the Postmaster informed her that if she was fired, she could never apply for a position with the post office again, so she resigned. R. 40 (¶ 17); R. 45 (¶ 11); R. 25 at 72.

DISCUSSION

### A.    LOCAL RULE 56.1

As an initial matter, USPS argues that Marciniak has failed to comply with Local Rule 56.1. *See* R. 47 at 2-6. While *pro se* litigants are required to comply with the local rules regarding summary judgment filings, Marciniak has made a good faith effort to do so. Her response did not comply with all aspects of the local rule, but even attorneys frequently violate many of the Rule's requirements. The factual issues in this case are not complex, and Marciniak's noncompliance did not interfere with the Court's ability to discern the disputed facts from the undisputed ones. Given these circumstances, the sincerity and earnestness with which Marciniak has pursued her claims, her good faith in attempting to satisfy Local Rule 56.1, the judicial resources that would have to be expended to address USPS's arguments based on the local rule, and the judicial preference for resolving cases on the merits, the Court declines to apply Local Rule 56.1 strictly as suggested by USPS. The Court instead will consider the parties' fact statements in conjunction with the record itself to determine the undisputed facts and resolve USPS's motion.

## B.     TIMELINESS OF MARCINIAK'S EEOC COMPLAINT

Before a federal employee may bring a civil action for discrimination against her employer, the employee first must exhaust her administrative remedies. *Green v. Brennan*, 136 S. Ct. 1769, 1775 (2016) (citing 42 U.S.C. § 2000e-16(c)). To exhaust those administrative remedies, EEOC regulations require, *inter alia*, that an aggrieved federal employee claiming employment discrimination "must initiate contact with a[n Equal Employment Opportunity ("EEO")] Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1). "This deadline is construed as a statute of limitations and not as a jurisdictional prerequisite." *Johnson v. Runyon*, 47 F.3d 911, 917 (7th Cir. 1995).

It is undisputed that the adverse employment action at issue, Marciniak's forced resignation, occurred on September 16, 2014. R. 1 at 5. The 45-day period in which Marciniak was required to have contacted an EEO counselor thus expired on October 31, 2014. Marciniak's first contact with an EEO counselor did not occur until February 17, 2015, one hundred fifty-four days after her termination. In short, the facts are undisputed that Marciniak failed to satisfy the 45-day statute of limitations.

While the rule is not jurisdictional, claims will be "barred if the forty-five day requirement is not satisfied and there is no occasion for equitable tolling." *Doe v. Oberweis Dairy*, 456 F.3d 704, 708 (7th Cir. 2006); *see also Ester v. Principi*, 250 F.3d 1068, 1071 (7th Cir. 2001). Accordingly, USPS's motion for summary judgment

turns on whether Marciniak's failure to satisfy the 45-day requirement is excused because the statute of limitations was tolled. *See Everage v. Runyon*, 998 F.2d 1016, 1993 WL 272503, at *3 (7th Cir. 1993) (unpublished) ("where the plaintiff has failed to contact the EEO counselor in a timely fashion, he must be given the opportunity to raise equitable arguments, such as tolling, waiver, and estoppel, that might excuse his failure to comply with the time limitation. Should the plaintiff fail to justify his tolling the limitations period, his case must be dismissed."). Marciniak offers several reasons why equitable tolling should be applied here. The Court addresses each of those arguments below.

### 1. TOLLING BASED ON MARCINIAK'S FILING OF MSPB APPEAL

Marciniak argues that she should be excused from the 45-day EEO counselor contact rule because she "read online" that she could file either a complaint with the Merit Systems Protection Board ("MSPB") or a discrimination complaint with the agency-employer, that "it turns out" the MSPB did not have jurisdiction over her complaint, and that she "did not know this until the MSPB ruling." R. 44 at 1.

The MSPB hears and adjudicates disputes concerning personnel actions taken by the federal government against employees covered by the Civil Service Reform Act, 5 U.S.C. § 1101 *et seq.*[2] "A federal employee aggrieved by a personnel action that is reviewable by the MSPB has two paths of redress if he attributes the employing agency's decision, at least in part, to discriminatory animus. One option

---

[2] *See Kloeckner v. Solis,* 568 U.S. 41, 44 (2012); *Sloan v. West*, 140 F.3d 1255, 1258-59 (9th Cir. 1998).

is to file with the agency a 'mixed case *complaint*'—an administrative complaint alleging prohibited employment discrimination . . . . The second option is to bypass the agency's administrative process and file a 'mixed case *appeal*' directly with the MSPB." *McCarthy v. Vilsack*, 322 F. App'x 456, 457-58 (7th Cir. 2009) (internal citations omitted) (emphasis added); *see* 29 C.F.R. § 1614.302(a).

Marciniak sought redress for her forced resignation using the second route— a mixed case appeal with the MSPB—which she filed on November 26, 2014. In a decision issued on January 26, 2015, the MSPB dismissed Marciniak's appeal for lack of jurisdiction, finding as follows:

> The Board has jurisdiction to hear appeals that allege involuntary resignation. However, the Board lacks jurisdiction to hear such cases if the employee's status takes the case out of the Board's purview. [citing, *inter alia, Link v. Department of the Navy*, 3 M.S.P.R. 187, 189 (1980) (the appellants' alleged involuntary resignations during their probationary periods in lieu of termination provided them with no greater right of appeal to the Board than they would have had if they had been terminated during their probationary periods)].
>
> That is the case here. The appellant, who worked for the agency for less than two months, has no right to appeal her involuntary resignation claim to the Board. . . .
>
> Temporary employees do not qualify for restoration rights unless they were appointed to the temporary position pending establishment of a register (a "TAPER" appointment). The appellant was appointed a City Carrier Assistant as a temporary employee whose appointment was time-limited, expiring on a specific date. Nothing in the file indicates she was hired under a TAPER appointment. . . .
>
> . . . . The appellant has failed to prove the Board has jurisdiction over either her restoration or involuntary resignation claims. Accordingly, the Board has no

> independent jurisdiction to hear the appellant's claims
> related to her alleged disability or to the agency's failure
> to provide her with notice of rights to appeal to the Board.
> The appellant has no appeal rights.

R. 40-1 at 4-5 (MSPB Decision).

The mistake Marciniak alleges she made here—filing an MSPB appeal when the MSPB did not have jurisdiction over her forced resignation and related claims—is addressed in the applicable regulations:

> . . . . If a person files a mixed case appeal with the MSPB
> instead of a mixed case complaint [with the employer]
> agency and the MSPB dismisses the appeal for
> jurisdictional reasons, . . . [t]he date on which the person
> filed his or her appeal with MSPB *shall be deemed* to be
> the date of initial contact with the [EEO] counselor. . . .

29 C.F.R. § 1614.302(b) (emphasis added).

Section 1614.302(b) establishes that "[w]hen a discrimination complaint is dismissed by the MSPB for lack of jurisdiction, the statute of limitations for filing the complaint with the agency EEO is considered to have been tolled by filing the complaint with the MSPB," as well as "while the MSPB is considering the jurisdictional issue." *Sloan*, 140 F.3d at 1261 & n. 17. The OFO, in considering the agency's dismissal of Marciniak's EEO complaint for failure to comply with the 45-day requirement, applied 29 C.F.R. § 1614.302(b) to hold that November 26, 2014 would be deemed to be the date of Marciniak's initial EEO contact because that is when she filed her appeal with the MSPB. But because that date was still more than 45 days after Marciniak's allegedly unlawful forced resignation, the OFO affirmed the agency's dismissal for lack of timeliness. *See* R. 40-5 at 2-3. The Court agrees with the OFO that, under the applicable regulatory tolling rule, Marciniak's

EEO complaint was untimely even though she is credited for EEO purposes with her November 26, 2014 MSPB filing.

Marciniak cites to 5 U.S.C. § 7702(f), which provides that

> In any case in which an employee is required to file any action, appeal, or petition under this section and the employee timely files the action, appeal, or petition with an agency other than the agency with which the action, appeal, or petition is to be filed, the employee shall be treated as having timely filed the action, appeal, or petition as of the date it is filed with the proper agency.

*See* R. 45 at 70. Section § 7702(f), like 29 C.F.R. § 1614.302(b), measures the timeliness of an EEO complaint with respect to the deadlines of the proper route, *i.e.*, the EEO route, not of the improper route, *i.e.,* the MSPB route. *See Schlottman v. Perez*, 739 F.3d 21, 25-26 (D.C. Cir. 2014) ("every court and administrative agency to have considered the question has, though not expressly, applied the savings clause only when a filing was timely under the deadlines of the proper forum"). By the time Marciniak filed her MSPB appeal on November 26, 2014, the 45-day time period for contacting an EEO counselor already had expired. Therefore, § 7702(f), like 29 C.F.R. § 1614.302(b), does not save Marciniak's claims from being barred by the 45-day initial EEO contact rule.

In its previous ruling on USPS's motion to dismiss, the Court suggested that equitable tolling might apply to save Marciniak's claims if she mistakenly thought that filing an MSPB appeal was proper and her appeal was timely filed under the rules of that forum. *See generally Threadgill v. Moore U.S.A., Inc.,* 269 F.3d 848, 850 (7th Cir. 2001) (equitable tolling might apply if "the claimant has made a good faith error (*e.g.*, *brought suit in the wrong court*)") (emphasis added). As it turns out,

however, the filing deadline for an MSPB appeal is actually shorter than the 45-day rule for making initial contact with an EEO counselor; an MSPB appeal must be filed within *thirty* days of the alleged wrongful agency action. *See* 5 C.F.R. § 1201.154; *Mayers v. Merit Sys. Protection Bd.*, 693 F. App'x 902, 903 (Fed. Cir. 2017). Therefore, even if equitable tolling would apply to allow the Court to measure the timeliness of Marciniak's claims according to the rules of the MSPB, Marciniak's EEO claim still would be untimely.

Marciniak attempts to avoid this result by arguing that the Court should deem her MSPB appeal timely because the MSPB did. It is true that the MSPB dismissed Marciniak's mixed appeal on jurisdictional grounds unrelated to timeliness. While the MSPB has authority to waive the thirty-day time limitation,[3] that does not necessarily mean the employer agency is bound by that waiver insofar as an EEO claim is concerned. In any event, the MSPB did not mention the timeliness issue in its decision dismissing Marciniak's appeal. Therefore, the Court cannot say that it "deemed" Marciniak's mixed appeal timely. In fact, the MSPB never had the occasion to decide whether to waive Marciniak's failure to file within thirty days of her forced resignation because it dismissed Marciniak's appeal on jurisdictional grounds before even getting to the timeliness issue.

---

[3] *See* 5 C.F.R. § 1201.22(c) ("If a party does not submit an appeal within the time set by statute, regulation, or order of a judge, it will be dismissed as untimely filed unless a good reason for the delay is shown.").

Finally, Marciniak argues she should be excused from compliance with the thirty-day deadline for filing a MSPB appeal because the Postmaster did not inform her about it:

> [I]f plaintiff was told by her postmaster at the forced termination on Sept 16th 2014 about her right to appeal to the M.S.P.B. as explained in . . . the deadlines in the E.L.M. handbook, plaintiff would have filed the M.S.P.B. within 30 days of termination, although it would have been the wrong forum, filing the following E.E.O. later would be proper—timely—even under 5 U.S.C. 7702(f) or under 29 C.F.R. 1614.302(b). So [the Postmaster's] misconduct may be grounds for estoppel in this instant case.

R. 45 at 5. In support of this argument, Marciniak directs the Court's attention to what appears to be a page from the USPS Employee and Labor Relations Manual ("ELM"), which states that

> When an injured current or former employee is entitled to restoration rights[4] upon return to work but believes he or she has not received proper consideration for restoration or has been improperly restored, ensure that the current or former employee understands his or her right to appeal to the MSPB under CFR 353.

*Id.* at 66. As an initial matter, the MSPB found that Marciniak was not entitled to restoration rights. *See* R. 40-1 at 4-5. Therefore, the ELM instruction to "ensure" that the employee understands his or her appeal rights is not applicable to Marciniak. In any event, even if Marciniak could rely on this duty to notify, regulatory guidelines are clear in providing that the agency's duty to notify does *not* relieve the employee of the need to satisfy the applicable time limits. *See* 5 C.F.R.

---

[4] Restoration rights are those rights accorded by law to an employee absent from work because of a compensable injury. *See* 5 U.S.C. § 353.101 *et seq.*

§ 353.104 ("When an agency . . . fails to restore an employee because of . . . compensable injury, it shall notify the employee of his or her . . . appeal and grievance rights. However, *regardless of notification, an employee is still required to exercise due diligence in ascertaining his or her rights, and to seek reemployment within the time limits . . . .*") (emphasis added).

In sum, given that Marciniak's filing of an MSPB appeal was untimely when measured by both the 45-day EEO counselor contact rule and the thirty-day deadline for filing mixed case appeals with the MSPB, there is no basis for the Court to excuse Marciniak from the 45-day filing deadline applicable to her EEO claims notwithstanding her misunderstanding regarding the proper forum in which to file her claims.

### 2. TOLLING BASED ON MARCINIAK'S LACK OF KNOWLEDGE ABOUT THE 45-DAY RULE

Marciniak also relies on 29 C.F.R. § 1614.105(a)(2) as another ground for tolling the 45-day rule. Pursuant to this regulation, "[t]he agency or the Commission *shall* extend the 45-day time limit . . . when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them." The Seventh Circuit has held that "subjective ignorance alone does not automatically entitle [the plaintiff] to the exception in 29 C.F.R. § 1614.105(a)(2)." *Johnson*, 47 F.3d at 918. Instead, the agency may defend a claim of subjective ignorance by showing that the plaintiff had constructive notice. The Seventh Circuit has adopted a two-step constructive notice inquiry:

> A court must not only consider if notification of the time requirements was provided, but if it was also reasonably

> geared to inform the complainant of the time limits before
> the complainant is estopped from asserting ignorance as
> an excuse for late filing.

*Id.* (internal quotation marks and citations omitted).

Courts have found sufficient constructive notice when posters accurately describing EEO rights and administrative deadlines are posted in an area in which a plaintiff worked or to which the plaintiff had access during the relevant employment period. *See, e.g., Clark v. Runyon*, 116 F.3d 275, 277 (7th Cir. 1997); *Foster v. Gonzales*, 516 F. Supp. 2d 17, 26 (D.D.C. 2007). USPS posted notices containing the EEO information on bulletin boards in numerous locations throughout the DeKalb post office, including between the men's and women's restroom in the break room, outside the break room, and by the time clock. Marciniak admits there were posters at the DeKalb post office, but she claims she never saw a need to acquaint herself with the location of the EEO posters, nor did she feel the need to read the posters before her termination. R. 45 at 2. Marciniak also argues that she was not allowed back into the DeKalb post office after being terminated. Since she was not allowed access, the display of posters did not do her any good. R. 44 at 2.

On the one hand, Marciniak's failure to read the posters may not be a sufficient basis for equitable relief. *See Clark*, 116 F.3d at 276 n.3 ("Testimony to the effect that [the plaintiff] and her coworkers 'did not see' the EEO notices is not by itself sufficient to establish that the notices were not, in fact, posted."). On the other hand, *Johnson* holds that a plaintiff will not be charged with constructive

notice if the EEOC posters were not "reasonably geared to inform the complainant of the time limits." 47 F.3d at 918; *see also DesRoches v. U.S. Postal Serv.*, 631 F. Supp. 1375, 1381 (D.N.H. 1986) ("While it is undisputed that EEO notices were posted in the [relevant] Post Offices at the time of plaintiff's employment, there remains a question as to whether these notices were posted in a conspicuous location for viewing by postal employees."); *Decker v. U.S. Postal Serv.*, 603 F. Supp. 503, 506 (W.D. Ky. 1984) (same). "The analysis of whether notices were 'reasonably geared' to inform applicants of their rights must take into account the fact that applicants, by definition, have not yet been subjected to the possibility of employment discrimination. When they enter a facility to secure an employment application, the last thing on their minds is what recourse, if any, they might have if the Service illegally discriminates in hiring; their immediate concern is with where and how to obtain an application and how to fill it out properly." *Johnson,* 47 F.3d at 919.

The Court need not consider whether the posters at the facility where Marciniak worked were sufficiently conspicuous to give Marciniak constructive notice of her EEO rights.[5] "The presence or absence of posted notices does not, standing alone, determine whether the limitations period should be tolled." *Id.* at 918. In addition to the posters, USPS cites to other evidence of constructive notice to

---

[5] Under *Johnson*, it could be argued that the presence of the posters alone, however conspicuously located, could never be sufficient constructive notice to inform an employee like Marciniak, who worked for the agency for a very limited period of time. *See* 47 F.3d at 918 (voicing "serious concern as to whether posting a notice . . . in a location that applicant visits on just one occasion could ever be 'reasonably geared' to give that applicant constructive notice of the [45-day] time limit[ ]").

Marciniak, in particular, her new employee training. Marciniak's new employee training consisted of a two-day orientation called "U.S. Postal Service Orientation for New Employees" or "O.N.E." R. 40, 45 (¶ 2). As part of the O.N.E. training, all employees are trained on the No FEAR Act. The No FEAR Act training teaches employees about discrimination, retaliation, and reporting requirements, and covers time deadlines for filing EEO claims, including the requirement that any EEO claim must be raised with an EEO counselor within 45 days of the alleged adverse employment action. R. 40 (¶ 3). Attendees of the No FEAR Act training are shown a power point presentation and given handouts, which contain information about the 45-day deadline for making contact with an EEO counselor, including the deadline and the phone number to call:

> Any employee who feels he or she has been a victim of discrimination or retaliation can contact the *Postal Service Equal Employment Opportunity (EEO) Office* using the central toll free telephone number *within 45 calendar days of the alleged discriminatory action*, or in the case of a personnel action, within 45 days of the effective date of the action. An employee also can contact the EEO Office more than 45 days after an alleged discriminatory action if (a) she did not know about the action when it occurred, and (b) she filed within 45 days of the time she knew or reasonably should have known it occurred. The central telephone number is: 888-EEO-USPS (888-336-8777).

R. 40-2 at 16 (emphasis added). Marciniak signed the sign-in sheet for the two-day new employee orientation training. Marciniak also signed an additional sign-in sheet acknowledging her attendance for the No FEAR Act training portion of the two-day orientation training.

Marciniak admits to attending the training and receiving the handouts. R. 40 (¶¶ 4-15); R. 45 (¶¶ 3-15). Marciniak states, however, that the No FEAR Act portion of the O.N.E. training lasted only about 50 minutes, that she does not recall the EEO rights discussion that occurred during the training, and that she "receiv[ed] booklets handouts and paperwork and saw documents displayed but could not tell where E.E.O. documents were on those displays." R. 45 (¶¶ 4-6). Her failure to remember her new employee training "is human," Marciniak argues, as "she was thinking of getting a job, [received] abundant information about her job duties [during the orientation], [and this information] overtook any memory of the small E.E.O. talk she received." R. 45 at 3.

If the Court were to accept Marciniak's argument, then there would be virtually nothing an agency could do to protect itself from a claim of lack of memory. In *Everage*, the Seventh Circuit held that the plaintiff's "relatively poor reading abilities and his professed ignorance of relevant administrative time limits" did not justify tolling the time limit, because employees of the Postal Service are given constructive notice of the applicable time limits by, among other things, being "advised of their EEO rights during their initial employment orientation." 1993 WL 272503, at *4. Marciniak cites *Complainant v. Mabus*, EEOC DOC 0520120198, 2015 WL 5769921 (Sept. 22, 2015), for the proposition that no constructive notice should be found even though the employee received EEO training and was shown a power point. But *Mabus*, an EEOC decision, is not binding on the Court. And even if it were, the EEOC rejected the agency's position there because the agency did not

identify which training the power point related to, or whether the 45-day filing deadline was covered in the training. Here, unrebutted testimony shows that the No Fear Act training, the handouts, and the power point all specifically state that EEO claims must be brought to an EEO counselor within 45 days of the alleged adverse action. Again, time limits would be meaningless if anyone could just claim not to remember them. *See Harris v. Gonzales,* 488 F.3d 442, 445 (D.C. Cir. 2007) ("it cannot be that an employee claiming to have been unaware of the 45-day time limit would be automatically entitled to an extension even though the agency, through posters, employee handbooks, orientation sessions*, etc.*, made conscientious efforts to advise its employees of the time limit"). Finally, Marciniak's failure to remember is particularly unpersuasive here given that she admits she received handouts, which, had she kept those handouts for later use, could have been consulted after her termination to remind her of the applicable rules.

### 3.    TOLLING BASED ON MARCINIAK'S DILIGENCE IN PURSUING HER DISCRIMINATION CLAIM

Marciniak's final argument is that equitable tolling should be applied because she diligently tried in good faith to exercise her rights in a timely manner. She started calling attorneys as early as September 22, 2014, but none would help her. She also contacted a union representative to discuss her rights, and that person failed to inform her about the 45-day deadline. "This failure by others who were in a position to help and knew or should have known where to direct her caused her to lose a month and a half before [she] found out about any deadline and had to scramble to get it filed with the M.S.P.B." R. 44 at 1.

In *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95-96 (1990), the Supreme Court held that a claimant against the government may benefit from equitable tolling to the same extent as may a claimant against a private party, unless Congress has legislated to the contrary. Further, equitable tolling applies not only to statutory deadlines, but also and equally to regulatory filing deadlines. *Johnson,* 47 F.3d at 917; 29 C.F.R. § 1614.604(c) ("The time limits in this part are subject to waiver, estoppel and equitable tolling."). Equitable tolling will be applied if the plaintiff shows: "'(1) that [s]he has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 451 (7th Cir. 1990) (equitable tolling "permits a plaintiff to avoid the bar of the statute of limitations if despite all due diligence [s]he is unable to obtain vital information bearing on the existence of [her] claim"). When analyzing what constitutes "extraordinary circumstances," the decision "must be made on a case-by-case basis," with the Supreme Court "emphasizing the need for flexibility" and "avoiding mechanical rules" to enable courts of equity "to meet new situations [that] demand equitable intervention, and to accord all the relief necessary to correct . . . particular injustices." *Holland*, 560 U.S. at 649-50 (internal quotation marks and citations omitted).

The Court has sympathy for Marciniak, who appears to have tried to be diligent, but was hindered in those efforts by her inability to obtain the professional

help she was seeking. But the 45-day requirement is intended to be an informal one to facilitate early resolution of complaints without the need to obtain attorney representation. Moreover, if Marciniak had secured legal representation and her attorney missed the 45 day deadline because he or she was unaware of it, that would not provide a basis for equitable tolling. *See Schmidt v. Wis. Div. of Vocational Rehab.*, 502 F. App'x 612, 614 (7th Cir. 2013) ("although Schmidt did not have legal representation, mistakes of law (even by plaintiffs proceeding pro se) generally do not excuse compliance with deadlines or warrant tolling a statute of limitations"); *Williams v. Sims*, 390 F.3d 958, 963 (7th Cir. 2004) ("[E]ven reasonable mistakes of law are not a basis for equitable tolling . . . . Otherwise statutes of limitations would have little bite, and no value at all to persons or institutions sued by people who don't have good, or perhaps any, lawyers."); *Everage,* 1993 WL 272503, at *4 ("Everage's [ ] claim—that he did not consult counsel during this period—does not in itself justify tolling the time limit.").[6] Nor is the union representative's failure to warn Marciniak about the 45-day filing

---

[6] *See also Edwards v. Johnson*, 198 F. Supp. 3d 874, 880-81 (N.D. Ill. 2016) (rejecting equitable tolling based on the plaintiff's assertion of "limited knowledge" of federal labor laws which "amounts to excusable ignorance of or noncompliance with the limitations period . . . with no prejudice to defendant"); *Brown v. United Airlines Inc.*, 2015 WL 5173646, at *2 (N.D. Ill. Sept. 2, 2015) (plaintiff's "ignorance of the law [did] not excuse her untimely filing"); *Berry v. Potter*, 2008 WL 4066246, at *4 (N.D. Ill. Aug. 27, 2008) ("Berry is not entitled to equitable tolling of his claim since his ignorance of law argument is not a sufficient grounds on which to allow equitable tolling"); *Barrett v. Frank*, 776 F. Supp. 1312, 1315 (N.D. Ill. 1991) (rejecting plaintiff's argument that thirty-day statute of limitations was unfair "with respect to unrepresented parties and that he did not know of the thirty-day rule," because "[i]gnorance . . . has been held not to be enough to invoke the court's equitable tolling powers").

deadline a basis for equitable tolling. *See Williams*, 390 F.3d at 963 ("a court's failure to warn a party that he is about to be cut off by the statute of limitations [is not] a basis for equitable tolling").

Marciniak cites *Complainant v. Brennan*, EEOC DOC 0120150753, 2015 WL 1959808 (Apr. 21, 2015), where the EEOC found "adequate justification under the unique facts of th[at] case to excuse [the] [c]omplainant's untimely counselor contact." *Id.* at *2. The "[c]omplainant [had] hired an attorney within days of being told not to return to work, but that attorney unfortunately died shortly thereafter. It was not immediately clear what steps that attorney had taken, if any, on [the] [c]omplainant's behalf. At the same time, [the EEOC] also note[d] that [the] [c]omplainant promptly sought the assistance of his union, who he represents did not advise him to seek EEO counseling, but instead filed a grievance." *Id.* The EEOC found "this sequence of events adequate justification for excusing the untimely request for counseling." *Id.*

The EEOC has the discretion to waive the 45-day rule for any "reasons considered sufficient by the agency or the Commission," 29 C.F.R. § 1614.105(a)(2), as it did under the unique facts in *Brennan*. But the EEOC has not done so here. In deciding whether to apply equitable tolling principles, courts must "keep in mind the general purposes of [discrimination laws] and the specific purposes of [the] prerequisites [of those laws]. On the one hand, [discrimination laws] seek to remedy discrimination in the workplace; [their] aims would be defeated if aggrieved plaintiffs were absolutely barred from pursuing judicial remedies because of an

excusable failure to meet a technical requirement." *Dillard v. Runyon*, 928 F. Supp. 1316, 1323-24 (S.D.N.Y. 1996) (internal quotation marks and citation omitted), *aff'd*, 108 F.3d 1369 (2d Cir. 1997). Similarly, the Seventh Circuit has said that "'[t]he [45] day statute of limitations is not reasonable if agencies and courts do not liberally construe the [(a)(2)] exceptions.'" *Johnson*, 47 F.3d at 917 (quoting *Myles v. Schlesinger*, 436 F. Supp. 8, 18 (E.D. Pa. 1976)).

On the other hand, "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants. . . . In the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984) (internal quotation marks and citation omitted). Further, the 45-day rule "serves an important function; it gives agencies an opportunity to resolve an employee's complaint informally by conducting their own internal investigations." *Lapka v. Chertoff*, 517 F.3d 974, 981 (7th Cir. 2008); *see also Doe* 456 F.3d at 708 (same).

Marciniak argues that "[t]here is no way a layperson would have known [about the need to contact a counselor within 45 days of the employment action]." R. 44 at 1. But that is simply not true. In addition to the constructive notice provided by the agency, as USPS points out, Marciniak "could have conducted an

on-line search[7] by typing 'how do I pursue a federal EEO case' into Google, and she would have been directed to the EEOC website, which states that 'aggrieved persons who believe they have been discriminated against must contact an agency EEO counselor prior to filing a formal complaint. The person must initiate counselor contact within 45 days of the matter alleged to be discriminatory. 29 C.F.R. Section 1614.105(a)(1).'" R. 47 at 9 (quoting www.eeoc.gov/eeoc/publications/fedprocess.cfm); *see Denius v. Dunlap*, 330 F.3d 919, 926 (7th Cir. 2003) (federal court may take judicial notice of information on official government web site).[8] The Court has no doubt that Marciniak tried as best she could to assert her discrimination claims in a timely manner, but must balance that diligence against the steps taken by the agency to inform Marciniak of her rights. Under well established law, Marciniak's inability to obtain legal help is not a sufficient reason for invoking a court's equitable powers, and the Court sees no reason to depart from that law here.

---

[7] Clearly this was an option available to Marciniak, as she states that she learned about filing an MSPB appeal after doing on-line research.

[8] The Court altered the wording somewhat and did its own Google search, asking the question "how do I file a complaint for discrimination against the United States Postal Service," and was directed to various websites, many of which also included information about the 45-day deadline.

## CONCLUSION

For the foregoing reasons, USPS's Motion for Summary Judgment, R. 38, is granted.

ENTERED:

_Thomas M. Durkin_

Honorable Thomas M. Durkin
United States District Judge

Dated: December 14, 2017